1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  KEVIN J. BARRY (CABN 229748)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
      Telephone: (415) 436-6840
7     FAX: (415) 436-7234
      Email: kevin.barry@usdoj.gov
8
   Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT
10
                        NORTHERN DISTRICT OF CALIFORNIA
11
                               SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,       ) CASE NO. 3:25-mj-71507 MAG
                                    )
14 |        Plaintiff,               )
                                    ) **[~~PROPOSED~~] DETENTION ORDER**
15 |    v.                           )
                                    )
16 | GILBERT MAXIMILIANO GALAVIZ,    )
                                    )
17 |        Defendant.               )
                                    )
18

19     On November 3, 2025, in the Eastern District of California, defendant Gilbert Galaviz was

20  charged by a Petition for Warrant for Person Under Supervision ("From 12") with a violation of the

21  terms of his supervised release in violation of Title 18, United States Code, Section 3583.

22     This matter came before the Court on December 29, 2025, for a detention hearing. The

23  defendant was present and represented by Assistant Federal Public Defender Joyce Levitt. AUSA Kevin

24  Barry appeared for the government. The government moved for detention, and the defendant opposed.

25  At the hearing, counsel submitted proffers and arguments regarding detention.

26     Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

27  the record, the Court finds that the defendant has failed to meet his burden to demonstrate by a

28  preponderance of the evidence that no condition or combination of conditions will reasonably assure the

appearance of the person as required. Accordingly, the defendant must be detained pending the resolution of the supervised release violation in this matter in the Eastern District of California.

The present order supplements the Court's findings and order at the detention hearing. As noted on the record, the Court makes the following findings as the bases for its conclusion: the Form 12 alleges that the defendant essentially absconded from supervision since April 2025. The Form 12 further alleges that the defendant failed to inform the Probation Office of a new address, and specifically, that in October 2025, a person living at the defendant's listed address reported that the defendant had not lived there since June. At the detention hearing, the Probation Officer indicated that in September 2025, the defendant indicated that his reported address was current, which was not accurate. For these reasons, the defendant cannot meet his burden to establish that he does not pose a risk of nonappearance, or that this risk can be mitigated by any conditions. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Accordingly, IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 30, 2025

HON. THOMAS S. HIXSON
United States Magistrate Judge